(987 P.2d 1110)

No. 78,504

State of Kansas, *Appellee*, v. Edmond C. Colbert, *Appellant*.

Opinion filed May 28, 1999.

*Jenifer Roth* and *Lisa Nathanson*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*David Lowden*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before Lewis, P.J., Green and Knudson, JJ.

Lewis, J.: Defendant was convicted of forgery and sentenced to a term of 16 months' imprisonment. He appeals from his conviction and sentence.

The record shows that defendant went to a Dillons store, where he attempted to cash a check for $395.96. This check was payable to defendant and signed by David T. Mangione.

Apparently, the Dillons employees believed something was strange about defendant's request because they called the originating bank for the checking account. Bank personnel advised them that the check which defendant was seeking to cash had been stolen and that no one by the name of David T. Mangione had the authority to sign or issue checks on that account. Upon being so advised, store security took defendant into custody and held him for the police.

Defendant made an inventive effort at explaining how he came into possession of the check. He claimed that his cousin had given it to him for doing work at a certain house for which he gave the address and described for the police. However, no one could locate his cousin, and the house he claimed to have worked on was securely boarded up.

Defendant raises several issues on appeal.

## *ALLEN* INSTRUCTION

Defendant argues that instruction No. 2 was an improper *Allen*-type instruction which lowered the burden of proof and coerced the jury. See *Allen v. United States*, 164 U.S. 492, 501-02, 41 L. Ed. 528, 17 S. Ct. 154 (1896). For a discussion of an *Allen*-type instruction, see *State v. Whitaker*, 255 Kan. 118, 126, 872 P.2d 278 (1994). Defendant did not object to this instruction at trial. Under our standard of review, defendant must show us that the failure to give the instruction was clearly erroneous. An instruction is clearly erroneous only if we are firmly convinced that there is a real possibility the jury would have rendered a different verdict if the trial error had not occurred. See *State v. Henry*, 263 Kan. 118, 131, 947 P.2d 1020 (1997).

Defendant objects to that portion of instruction No. 2, which advised the jury that "[a] juror is an officer of the Court and it is the duty of the jury *to work out justice for the parties within the law and the evidence*." (Emphasis added.) It is the defendant's argument that the phrase "to work out justice for the parties" implied a preponderance of the evidence for a lesser standard of proof for the State. We do not agree.

An instruction identical to the one involved in this case was considered by the Supreme Court in *State v. Dias*, 263 Kan. 331, 334-36, 949 P.2d 1093 (1997). The court, in that case, found that the instruction fairly stated the law. In an issue not raised in *Dias*, defendant argues that the instruction enabled the jury to ignore the requirement that the State prove the facts beyond a reasonable doubt.

We do not agree. Our task is to take the jury instructions as a whole and to determine whether they accurately state the law to the jury. See *State v. Aikins*, 261 Kan. 346, Syl. ¶ 25, 932 P.2d 408 (1997).

When we consider the instructions as a whole, we conclude that there was no error in the *Allen*-type instruction given in this case. Jury instruction No. 3 accurately set out the presumption of innocence and the requirement that the State prove the allegations beyond a reasonable doubt. The "to work out justice for the parties" phrase is qualified by "within the law and the evidence." The jury was given an accurate instruction concerning the burden of proof, and there is no reason to assume that instruction No. 2 in any way diminished the requirement of the State to prove its case beyond a reasonable doubt.

Defendant's argument is without merit in this regard.

## PRESUMPTIONS

Defendant next argues that instruction No. 7 violated his due process rights. We agree.

Jury instruction No. 6 set out the elements of forgery and followed PIK Crim. 3d 59.11. It instructed the jury, among other things, as follows:

"To establish this charge, each of the following claims must be proved:
"1. *That the defendant issued or delivered a bank check which he knew had been made, altered or endorsed so that it appeared to have been made by David T. Mangione, a fictitious person;*
"2. That the defendant did this act with the intent to defraud; . . ." (Emphasis added.)

Instruction No. 7 advised the jury: "As to the allegation that David T. Mangione is a fictitious person, *you may presume that*

*David T. Mangione is a fictitious person.* This presumption may be overcome by evidence to the contrary." (Emphasis added.)

Defendant's argument is that the presumption contained in instruction No. 7 shifted the burden of proof and relieved the State of its obligation to prove each and every element of the crime of forgery.

We agree. According to instruction No. 6, the fact that David T. Mangione is a fictitious person is an element of the crime of forgery. The presumption set forth in instruction No. 7 relieves the State of its burden of proving the elements of forgery and shifts the burden of proof to defendant.

We are not unaware of the provisions of K.S.A. 21-3710(c), which provides: "In any prosecution under this section, it may be alleged in the complaint or information *that it is not known whether a purported person is real or fictitious,* and in such case there shall be a rebuttable presumption that such purported person is fictitious." (Emphasis added.) We do not consider the statute relevant in this case. First of all, neither party has relied on the statute in pursuing the trial of this case or the appeal thereof. The information filed in this case is not drawn in such a manner as to involve the statute. The information simply alleges that David T. Mangione is "either a real or fictitious person, and if real, without the authority of said David T. Mangione." The information does not state that the State is unaware of whether David T. Mangione is real or fictitious.

It is a cornerstone of our judicial system that anyone charged with a crime is presumed to be innocent. The State is required to overcome that presumption by proving each and every element of the crime beyond a reasonable doubt. See *State v. Harkness,* 252 Kan. 510, 526, 847 P.2d 1191 (1993). In this case, pursuant to instruction No. 6, the State had the burden to show that "defendant issued or delivered a bank check which he knew had been made, altered or endorsed so that it appeared to have been made by David T. Mangione, a fictitious person." There is no question that one of the elements of the crime was the fact that David T. Mangione was a fictitious person.

The State in oral argument candidly admitted that it had no evidence to show that David T. Mangione was a fictitious person and that none was offered at the trial. The proof of this particular fact was the burden of the State, and it failed to carry that burden by its own admission. Indeed, absent the presumption, defendant might very well have been entitled to a directed verdict of innocent by reason of the failure of the State's burden of proof.

The issue we must resolve is whether instruction No. 7 allowing the jury to presume that David T. Mangione was a fictitious person is a valid statement of the law.

We conclude the instruction was erroneous, and it requires that we reverse defendant's conviction.

There are two kinds of presumptions to consider in this context. One is a mandatory presumption which requires a jury to infer an element once the State has proven the predicate facts giving rise to the presumption. *Harkness*, 252 Kan. at 526.

There is also a permissive presumption or permissive inference. The language of the instruction in this case provided that the jury "may" presume David T. Mangione was a fictitious person, but it did not require that finding. In *Francis v. Franklin*, 471 U.S. 307, 314, 85 L. Ed. 2d 344, 105 S. Ct. 1965 (1985), the Supreme Court, contrasting a mandatory and a permissive presumption, said that a permissive inference "suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion."

Instruction No. 7 appears to be more permissive than mandatory. However, the instruction did not require the State to prove any predicate facts in order to raise the presumption. It also failed to advise the jury that the burden of proof remained on the State. The instruction in front of the Supreme Court in *Harkness* was approved because it required the State to prove predicate facts and because it specifically advised the jury that the burden of proof remained on the State. See *Harkness*, 252 Kan. at 524-27. In addition, we do not believe the facts at issue in *Harkness* are dispositive of the facts in the instant matter.

We also conclude that instruction No. 7 was ambiguous. It leaves the very clear inference that a jury may, without any evidence what-

soever, presume one of the elements of the crime. This inference is strengthened by the fact that the instruction immediately given before No. 7 was instruction No. 6, the issues instruction which set out the elements the State was required to prove. In reviewing an instruction such as this, we must determine whether " 'there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Estelle v. McGuire*, 502 U.S. 62, 72, 116 L. Ed. 2d 385, 112 S. Ct. 475 (1991) (quoting *Boyde v. California*, 494 U.S. 370, 380, 108 L. Ed. 2d 316, 110 S. Ct. 1190 [1990]).

We have concluded there was a reasonable likelihood that the jury applied the presumption in this case in a way that violated defendant's due process rights.

An evidentiary presumption in a jury instruction deprives a defendant of due process when it effectively relieves the State of its burden of proof. *Harkness*, 252 Kan. at 526. We conclude that instruction No. 7 did relieve the State of its burden of proving that David T. Mangione was a fictitious person and also deprived defendant of his due process rights. As we pointed out earlier, the State admitted no evidence of any kind to show whether David T. Mangione was real or fictitious. That element of the crime was proven by a presumption. Defendant's conviction cannot stand in the face of this violation of due process. Defendant's conviction is reversed and the matter is remanded for a new trial.

The balance of the issues in this case are rendered moot by our decision to reverse defendant's conviction. However, we take note of the fact that in sentencing defendant, the trial court departed from the presumptive sentence without giving notice to either party. We wish to be certain this error is not duplicated if defendant is retried and convicted on remand. The statutes clearly require the court to notify all parties of its intent to depart and to allow reasonable time for either party to respond. See K.S.A. 21-4718(b). That statute was violated in this case, and had we considered this issue on the merits, we would have been required to vacate defendant's sentence.

Reversed and remanded with directions.