NOT DESIGNATED FOR PUBLICATION

No. 115,969

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

V.

JASPER THOMAS EPPS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; BILL L. KLAPPER, judge. Opinion filed November 17, 2017. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN, J, and MERYL D. WILSON, District Judge, assigned.

PER CURIAM: Jasper Epps was convicted by a jury of forgery. On appeal, Epps claims (1) that the State charged him with endorsing the name of a real, as opposed to a fictitious person, but presented no evidence that Kelvin Cane was a real person; and (2) that the court's jury instruction on the elements of forgery was clearly erroneous because the State charged Epps only with endorsing a check but the jury was instructed that he made, altered, or endorsed the check.

1

On May 28, 2015, Epps entered Enterprise Bank and identified himself as Kelvin Cane. Epps deposited a check for approximately $34,000 that purported to be from Fairway Construction Company to Cane Construction Corporation. However, Fairway did not actually issue this check. The next day, Epps returned to the bank to withdraw $8,800 from the account. Epps showed the bank teller a Kentucky ID with the name Kelvin Cane on it. Epps made out a counter check for the withdrawal and signed the back of the check Kelvin Cane.

Police received a call that there was a forgery in progress. Officer Paula Vallejo arrived at the bank, and Epps identified himself as Kelvin Cane. Epps was arrested. The officer later learned that Kelvin Cane was in fact Epps when Epps was fingerprinted at the jail.

Epps told detectives that he responded to a job posting on Craigslist and was hired by the Sutherland Company out of Georgia. Sutherland was looking to start up new business in the area. Sutherland sent him the $34,000 check. Epps was unable to give the detectives any contact information for the company. He could not provide a phone number, physical address, website, or e-mail address. According to Epps, he was supposed to purchase construction materials at Home Depot for Sutherland with the $8,800 he withdrew. The company was going to contact him at a later date and inform him where he was supposed to ship those supplies. Epps explained that he sent the company a picture and, a week later, he received a driver's license by FedEx with his picture and the name Kelvin Cane on it.

The State charged Epps with forgery, a severity level 8 nonperson felony, and interference with law enforcement, a severity level 9 nonperson felony. With regard to forgery, the State charged that, on or about May 29, 2015, Epps

2

"did unlawfully and with the intent to defraud, endorse a written instrument, to-wit: an Enterprise Bank & Trust withdrawal check, in such manner that it purports to have been endorsed by another person, to-wit: Kelvin Cain, without the authority of such other person in violation of K.S.A. 21-5823 (a)(1) (FORGERY, Severity Level 8, Non-Person Felony)."

The case proceeded to jury trial. During the jury instruction conference, the following conversation was had between the court and attorneys about the instruction on the elements of forgery:

"[DEFENSE COUNSEL]: The only thing I would say is I don't know if 'the authority of' is needed in there, but I think it reads factually correct. I guess it's just the way the State wants it. I think putting by—'endorsed by [Kelvin] Cane, a fictitious person' or 'by the authority of [Kelvin] Cane, a fictitious person' probably works, too.

"THE COURT: Are you requesting that?

"[DEFENSE COUNSEL]: No. I mean, I guess I want to look at the parentheses on the instructions because I didn't think we were going to have 'the authority of' in there. So let me find the—

"THE COURT: Well, I'm comfortable with leaving that out, as well.

John, I don't know what the State's position is.

"[STATE]: If there is an issue, I think it is basically the same meaning that it appeared to have been endorsed by [Kelvin] Cane whether we leave 'by the authority of [Kelvin] Cane' because that's the name that endorsed the check. If [defense counsel] would prefer to have it just be 'endorsed by [Kelvin] Cane,' I don't think that I have any objection to that.

"[DEFENSE COUNSEL]: I'm just trying to follow the [PIK], Judge, and off the top of my head, I think if you say 'by the authority of,' that kind of goes with them saying that, you know, with the didn't [sic] have the authority to do that.

"THE COURT: I would agree. If he's a fictitious person, how could there have been any authority.

"[DEFENSE COUNSEL]: I think technically if you're following [PIK], it wouldn't be in there.

3

"THE COURT: Why don't we make the change, gentlemen, since everyone seems to be in agreement of that.

"[DEFENSE COUNSEL]: Okay."

The court instructed the jury on the elements of forgery as follows:

"To establish this charge, each of the following must be proved:
"1. The defendant made, altered or endorsed an Enterprise Bank & Trust withdrawal check so it appeared to have been endorsed by Kelvin Cain, a fictitious person.
"2. The defendant did this act with the intent to defraud.
"3. This act occurred on or about the 29th day of May, 2015, in Wyandotte County, Kansas."

The jury found Epps guilty of forgery and not guilty of interference with law enforcement. Epps filed a motion for arrest of judgment and a motion for a new trial claiming that the complaint was defective because it charged that Kelvin Cane was a real person. The trial court denied the motions and sentenced Epps to 14 months in prison.

Epps timely appeals.

*Did the State charge Epps with forgery involving a real, as opposed to fictitious, person? If so, was there sufficient evidence to support that Kelvin Cane was a real person?*

Epps contends that because the charging document included the language "without the authority of such person," the State charged Epps with endorsing the name of a real, as opposed to fictitious, person. He argues the State was required to prove that Kelvin Cane was a real person and that Epps endorsed the check without Cane's authority. But the State produced no such evidence; rather, the State argued that Kelvin Cane was a fictitious person. Epps thus argues there was insufficient evidence to convict him.

4

The State contends that neither the charging document nor the statute required it to prove that Cane was a real person.

As stated above, the State charged that Epps

"did unlawfully and with the intent to defraud, endorse a written instrument, to-wit: an Enterprise Bank & Trust withdrawal check, in such manner that it purports to have been *endorsed by another person, to-wit: Kelvin Cain, without the authority of such other person* in violation of K.S.A. 21-5823 (a)(1) (FORGERY, Severity Level 8, Non-Person Felony)." (Emphasis added.)

The forgery statute provides, in relevant part:

> "(a) Forgery is, with intent to defraud:
> (1) Making, altering or endorsing any written instrument in such manner that it purports to have been made, altered or endorsed by another person, either real or fictitious, and if a real person without the authority of such person . . . .
> . . . .
> "(c) In any prosecution under this section, it may be alleged in the complaint or information that it is not known whether a purported person is real or fictitious, and in such case there shall be a rebuttable presumption that such purported person is fictitious." K.S.A. 2014 Supp. 21-5823.

At trial, Epps testified that he had never heard of Kelvin Cane before. Both the defense and the State in closing arguments argued that Kelvin Cane was a fictitious person, referencing an interview with Epps that was played for the jury.

In cases where the State charges a defendant with one offense but the evidence at trial establishes the defendant committed some other offense, the defendant may challenge the conviction based on sufficiency of the evidence. See *State v. Laborde*, 303 Kan. 1, 2-8, 360 P.3d 1080 (2015) (reversing conviction because State charged Laborde

5

with theft by deception in violation of K.S.A. 21-3701[a][2], but the evidence at trial proved theft by unauthorized control in violation of K.S.A. 21-3701[a][1]); *State v. Dickson*, 275 Kan. 683, 686-95, 69 P.3d 549 (2003) (reversing conviction because State charged Dickson with causing a child to engage in sodomy with another person in violation of K.S.A. 21-3505[a][3], but the evidence at trial proved that Dickson himself engaged in sodomy with the child in violation of K.S.A. 21-3505[a][2]).

Our Supreme Court has stated:

> "'The State has the responsibility to appropriately charge the accused with the crime it believes the accused has committed. If the evidence introduced at trial does not support a conviction of the offense charged, the accused cannot be found guilty of some other offense which the State did not see fit to charge.'" *Dickson*, 275 Kan. at 694 (quoting *State v. Houck*, 240 Kan. 130, 136, 727 P.2d 460 [1986]).

Those cases can be distinguished, however. Here, the State did not clearly charge Epps with forgery involving a real, as opposed to a fictitious, person. The State did not specify in the charging document whether Kelvin Cane was a real or fictitious person. Moreover, the dispute here does not deal with two different subsections of a criminal statute as in those cases. Subparagraph (a)(1) of K.S.A. 2014 Supp. 21-5823 would be the appropriate subsection whether Cane was a real or fictitious person.

The phrase "without the authority of such other person" is not determinative. Granted, K.S.A. 2014 Supp. 21-5823(a)(1) does say "either real or fictitious, and *if a real person without the authority of such person*." (Emphasis added.) But, without specifically stating that Cane was a real person, it is at most ambiguous. This does not create a sufficiency of the evidence problem, as Epps contends.

Epps cites *State v. Colbert*, 26 Kan. App. 2d 177, 987 P.2d 1110 (1999). In *Colbert*, the State charged Colbert with forging a check with the name "David T.

Mangione," either a real or fictitious person. 26 Kan. App. 2d at 179-80. The jury instruction advised the jury that the jury could presume David T. Mangione was a fictitious person. The court held the instruction shifted the burden of proof and relieved the State of its obligation to prove that Mangione was a fictitious person. 26 Kan. App. 2d at 179-80. The court said: "There is no question that one of the elements of the crime was the fact that David T. Mangione was a fictitious person." 26 Kan. App. 2d at 180. The State presented no evidence to show Mangione was fictitious. The court reversed Colbert's conviction. 26 Kan. App. 2d at 182.

The issue in *Colbert* was that the jury instruction allowed the jury to presume that Mangione was a fictitious person. Here, the jury instruction required the jury to find that Cane was a fictitious person. The instruction did not permit the jury to presume Cane was a fictitious person. Here, there is no *Colbert* problem.

*Was the jury instruction overly broad and clearly erroneous?*

Epps contends that the jury instruction on the elements of forgery was erroneous because the State charged him only with "endorsing" a written instrument, but the jury instruction stated that he "made, altered or endorsed" the instrument. He claims he was prejudiced because the State presented overwhelming evidence that Epps "made" the withdrawal check.

When analyzing jury instruction issues, an appellate court: (1) Determines whether the appellate court can or should review the issue, i.e., whether there is a lack of appellate jurisdiction or a failure to preserve the issue for appeal; (2) considers the merits to determine whether error occurred below; and (3) assesses whether the error requires reversal, i.e., whether the error can be deemed harmless. *State v. Pfannenstiel*, 302 Kan. 747, 752, 357 P.3d 877 (2015).

7

*Preservation*

Epps admits he did not object to the jury instruction at trial. This court may still review the issue, but Epps must show that the instruction was clearly erroneous. K.S.A. 2016 Supp. 22-3414(3); *State v. Louis*, 305 Kan. 453, 457, 384 P.3d 1 (2016).

*The jury instruction was not erroneous.*

To determine if the jury instruction was erroneous, this court considers whether the instruction was legally and factually appropriate, employing an unlimited review of the entire record. *Louis*, 305 Kan. at 457.

The State is bound by the complaint's version of the offense or theory of the case at trial. *State v. Charles*, 304 Kan. 158, 166, 372 P.3d 1109 (2016), *abrogated on other grounds by State v. Huey*, 306 Kan. 1005, 399 P.3d 211 (2017). Our Supreme Court has explained that:

> "'A jury instruction on the elements of a crime that is broader than the complaint charging the crime is erroneous.' The reason for this is because 'the charging instrument sets out the specific offense alleged to inform the defendant of the nature of the accusation, to permit the development of a defense to meet that accusation, and to protect against conviction based on facts not contemplated in the accusation.' Accordingly, the State is bound by the wording of its charging document, and the prosecution and district court must use caution in conforming the jury instructions to the charges." *State v. McClelland*, 301 Kan. 815, Syl. ¶ 4, 347 P.3d 211 (2015).

As stated above, the court instructed the jury on the elements of forgery as follows:

> "To establish this charge, each of the following must be proved:

"1. The defendant made, altered or endorsed an Enterprise Bank & Trust withdrawal check so it appeared to have been endorsed by Kelvin Cain, a fictitious person."

The jury instruction followed the PIK. PIK Crim. 4th 58.300 (2016 Supp.) states:

"The defendant is charged with forgery. The defendant pleads not guilty.
"To establish this charge, each of the following claims must be proved:
"1.     The defendant made, altered or endorsed a *insert instrument* so it appeared to have been [(made) (endorsed)] [(by *insert name*) (by *insert name*, a fictitious person) (at another time) (with different provisions) (by the authority of *insert name*, who did not give such authority)]."

Just as the PIK provides, the court made a choice between "made" and "endorsed" in the second line. In sync with the charging document, the jury was instructed that the withdrawal check appeared to have been "endorsed" by Kelvin Cane. Thus the instruction was not overly broad.

Our Supreme Court "strongly recommend[s] the use of PIK instructions, which knowledgeable committees develop to bring accuracy, clarity, and uniformity to [jury] instructions." *State v. Barber*, 302 Kan. 367, 377-78, 353 P.3d 1108 (2015).

*Even if the instruction was erroneous, the error was not reversible.*

In evaluating whether an instruction raises to the level of clear error, the issue of "[r]eversibility is subject to unlimited review and is based on the entire record. It is the defendant's burden to establish clear error under K.S.A. 22-3414(3). [Citation omitted.]" *State v. Betancourt*, 299 Kan. 131, 135, 322 P.3d 353 (2014). The clear error determination must review the impact of the erroneous instruction in light of the entire record including the other instructions, counsel's arguments, and whether the evidence is

9

overwhelming. See *In re Care & Treatment of Thomas*, 301 Kan. 841, 849, 348 P.3d 576 (2015). To establish clear error, "'the defendant must firmly convince the appellate court that the giving of the instruction would have made a difference in the verdict.' [Citation omitted.]" *State v. Cooper*, 303 Kan. 764, 771, 366 P.3d 232 (2016).

The element that Epps endorsed a check purporting to be Kelvin Cane was simply not contested at trial. In closing, defense counsel stated:

"They all agreed the defendant made, altered, or endorsed an Enterprise Bank withdrawal check. That's what this is. It appeared to have been endorsed by [Kelvin] Cane, a fictitious person.

"[Kelvin] Cane's a fictitious person. My client said it to the detective in the audio. We agree, my client—you can look at the video. My client filled this out. He had the assistance of Van Rem. She says she filled out the account number, and she read out the 8800. And my client, you can look at the video, he signed it. He flipped it over and endorsed it. Is that element true? Yes. But the next question is, the defendant did this act with the intent to defraud. And that's what I said in the beginning in opening. Did he have the intent to defraud."

Defense counsel told the jury that Epps endorsed the check. There was no possibility of a different outcome if the jury instruction had only said Epps "endorsed" the check. Epps' defense was that he did not have the intent to defraud. His ability to prepare or present this defense was not compromised by the overbroad jury instruction. See *State v. Hart*, 297 Kan. 494, 509-10, 301 P.3d 1279 (2013). Finding no error, we affirm.

Affirmed.